## Kolaskie et al. *v.* Dressner.

*Sales—Automobiles—Title—Purchase by third party—Written evidence—Parol contradiction—Estoppel.*

In an action for trespass for the conversion of an automobile the plaintiff testified that he consigned the car to a bailee to be sold by him for the benefit of the plaintiff. The car was afterwards found in the possession of the defendant who claimed he had bought it from the bailee, but who had never had any dealings with the plaintiff. It was further averred that the defendant had full knowledge of a fraud perpetrated on the plaintiff by the bailee and that therefore he could be sued directly for

180, (1920).]      Syllabus—Opinion of the Court.

the fraudulent appropriation and conversion of the property of the plaintiff. In addition to this testimony the plaintiff offered several instruments in writing among them a bill of sale for the machine reciting the payment of a certain amount in cash and a promissory note for the unpaid balance, which flatly contradicted the oral testimony of the plaintiff and destroyed the entire theory on which his case rested. Under such circumstances there was not sufficient evidence to overcome the written instruments offered in evidence by the plaintiff and a verdict for the defendant was properly directed.

Argued October 5, 1920. Appeal, No. 92, Oct. T., 1920, by plaintiffs, from judgment of C. P. No. 2, Philadelphia County, Dec. T., 1918, No. 4240, directing a verdict in favor of the defendant in the case of Walter Kolaskie and Felix Kolaskie v. Sam Dressner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass for conversion of personal property. Before ROGERS, J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict in favor of the defendant. Plaintiff appealed.

*Error assigned,* among others, was the order of the court directing a verdict in favor of the defendant.

*David S. Malis,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY HEAD, J., December 10, 1920:

The action was trespass for the conversion of personal property, an automobile. At the conclusion of the trial, the learned judge directed the jury to find a verdict in favor of the defendant, upon which judgment was afterwards entered, and this appeal followed.

182      KOLASKIE et al. *v.* DRESSNER.

The case of the plaintiffs rested entirely on the testimony of one of them. According to his oral testimony he consigned the car owned by the plaintiffs to one Van Dyke, trading under the name of Girard Motor Sales Company, to be sold by him, at the price of $750, for the benefit of the plaintiffs. The same evidence would further make it appear that the car was afterwards found in the possession of the present defendant, who claimed that he had bought it from Van Dyke, but who had never had any dealings with the plaintiffs, or either of them, and maintained he was the owner of the car by reason of such purchase. Because of certain declarations said to have been made by the present defendant, and testified to by one of the plaintiffs, it is urged he had full knowledge of the alleged fraud that had been perpetrated on the plaintiffs by Van Dyke, and therefore he could be directly sued in an action for the fraudulent appropriation and conversion to his use of the property of the plaintiffs. This was the case of the plaintiffs as presented to the court below.

But it also appeared that this theory, supported only by the uncorroborated testimony of one of the plaintiffs, was in flat contradiction of several instruments of writing produced by the plaintiffs and offered in evidence on their side of the case. There was first a paper signed by the plaintiff witness declaring that he had "sold to Girard Motor Sales Company 1 Hup touring car for the sum of 750.00—1 hundred doll in cash 640.00 by note payable in twelve days. Said car is free and clear of all claims." There followed a promissory note made by the Girard Motor Sales Company to the order of Felix Kolaskie (the plaintiff witness), payable twelve days after date, in the sum of $750, the full purchase price of the car. Upon this note was endorsed a credit by cash of $100, and later a credit of $24. The signatures to these papers were in no way denied. They flatly contradicted the oral testimony of the plaintiff and destroyed the entire theory on which his case rested. He

could not overthrow them by his own uncorroborated evidence. It is to be hoped the day has gone by when written instruments, signed by men who can read, are to be considered as "scraps of paper," if the person who signed them chooses to swear to a different state of facts. In the face of those instruments of writing, the learned trial judge could do nothing else than declare to the jury that the theory of the plaintiff had broken down for want of sufficient evidence to support it. There was no sufficient evidence to overcome the written instruments proven and offered in evidence by the plaintiffs. They destroyed his case, and there was no other course left to pursue but to direct a verdict in favor of the defendant. In this view of the case it becomes unnecessary, in our judgment, to consider in detail the various cases cited and relied upon by the appellant. They are, of course, thoroughly sound in principle, but can have no application whatever to the state of facts appearing in this record.

The assignments of error are overruled. The judgment is affirmed.